[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11257

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 01-07160 CV-JIC

HGI ASSOCIATES, INC.,

Plaintiff-Appellant,

versus

WETMORE PRINTING COMPANY,
a Texas corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 8, 2007)**

Before ANDERSON, MARCUS and COX, Circuit Judges.

PER CURIAM:

In *HGI Associates, Inc. v. Wetmore Printing Co.*, 427 F.3d 867 (11th Cir.

2005) ("*HGI I*"), this court affirmed the district court's findings of breach of contract

and an award of damages, but vacated the court's denial of future lost profits and remanded for a determination of the amount of future lost profits warranted. *Id*. at 879-881. On remand, the district court issued its Supplemental Findings of Fact and Conclusions of Law, which ruled in favor of Wetmore Printing Company ("Wetmore") by denying HGI the award of any additional future lost profits. (R.7-258 at 4-5). HGI again appeals.

We find no reversible error. This court stated in *HGI I* that to award lost profits, the district court must "determine, to a reasonable certainty, what profits HGI would have made from reselling the software kits Wetmore agreed to provide in the contracts." *Id*. at 881. HGI's principal witness on this subject was Ronald Swartz, then-President of HGI. Swartz's testimony presented no evidence of sales by other resellers and no concrete evidence of demand for the unsold software from resellers, customers, or others. (R.9-182 at 84-88.) In this case, there is no evidence from which the district court could determine to a reasonable certainty the amount of the lost profits at issue.

AFFIRMED.